# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

    Case No. 2:10-CR-223
    **JUDGE GREGORY L. FROST**

**ROBERT JEFFREY JOHNSON,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Count Three of the Indictment (ECF No. 43) and the Government's Response in Opposition (ECF No. 60). The Court also reviewed the Government's Indictment (ECF No. 3) and the United States Bankruptcy Court Orders supporting the Indictment (ECF Nos. 66-1 and 67-1).

For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

### I. Background

On September 12, 2007, the United States Bankruptcy Court for the Southern District of Ohio entered an Order on Motion for Turnover requiring Defendant Robert Jeffrey Johnson to cooperate with the Trustee by turning over items of property. (ECF No. 66-1.) After Defendant failed to comply with the Order on Motion to Turnover, on October 2, 2007 the bankruptcy court entered a subsequent order requiring Defendant to show cause why he should not be held in contempt both for violating the prior order and failing to comply with 11 U.S.C. § 521(e). (ECF No. 67-1, p. 2.) The order outlined the potential consequences to the Defendant, including denial

of discharge, for failure to appear at a contempt hearing which was held on October 17, 2007. (ECF No. 67-1, p. 3.) At the hearing, the court advised the Defendant that he was in contempt, thus jeopardizing his discharge, but that he could expunge the contempt by complying with the original turnover order. (ECF No. 67-1, p. 5.) In its Order Finding Debtor Robert Jeffrey Johnson in Contempt and Imposing Sanctions, issued on December 10, 2007, the court noted that after giving Defendant seven weeks to comply with the turnover order it found no indication that Defendant had complied. (ECF No. 67-1, p. 5.) As a result the court found Defendant in contempt for violating the turnover order and as sanction for Defendant's contempt the court denied Defendant's discharge. (*Id.*)

The Government issued an Indictment in the United States District Court for the Southern District of Ohio against Defendant Robert Jeffrey Johnson on August 24, 2010. (ECF No. 3, p. 9). This Opinion and Order considers only Count Three of the Government's Indictment which charges the Defendant with criminal contempt under 18 U.S.C. § 402.

## II. Legal Standard and Analysis

Count Three of the Government's indictment of criminal contempt is brought under 18 U.S.C. § 402 which provides in relevant part:

> Any person . . . willfully disobeying any lawful . . . order . . . of the United States . . . , by doing any act or thing therein, or thereby forbidden, if the act or thing so done be of such character as to constitute also a criminal offense under any statute of the United States . . . shall be prosecuted for such contempt . . . and shall be punished by a fine under this title or imprisonment, or both.

18 U.S.C. § 402. Defendant's sole argument that the Court should grant the Motion to Dismiss Count Three of the Indictment is that the charge is barred by the statute of limitations.

**A. Statute of Limitations**

2

Criminal contempt under 18 U.S.C. § 402 is governed by the statute of limitations under 18 U.S.C. § 3285 which provides that "[n]o proceeding for criminal contempt within section 402 of this title shall be instituted against any person . . . unless begun within one year from the date of the act complained of." 18 U.S.C. § 3285. The parties do not dispute the existence of the one year statute of limitations provided by the Statute but rather dispute the applicability of the statute of limitations.

The Government asserts that the continuing nature of the Defendant's conduct in failing to comply with the turnover order prevented the commencement of the statute of limitations. (Resp. in Opp'n 3, ECF No. 60.) As a result, the Government argues its prosecution for Defendant's criminal contempt was timely since the "act complained of" continued through the date of the Indictment. (*Id.*) The question then remains whether Defendant's conduct constituted a continuing offense as it relates to the required statutory period to prosecute the offense.

**B. Continuing Conduct**

Generally, statutes of limitations begin to run when a crime is complete. *Pendergast v. United States*, 317 U.S. 412, 418 (1943). However, some crimes are deemed "continuing offenses" because the offenses are not complete upon the first act but continue to be perpetrated by the offender over time. *United States v. Gilbert*, 136 F.3d 1451, 1453 (11th Cir. 1998). The courts have made clear that offenses should be considered continuing only if "the explicit language of the . . . statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing [offense]." *Id.* (citing *Toussie v. United States*, 397 U.S. 112, 114-15 (1970)).

3

Here the "act complained of" the Government believes constitutes a continuing offense is the Defendant's "failure to turnover to the bankruptcy trustee various items of personal property" in violation of 18 U.S.C. § 152(1). (Resp. in Opp'n 3, ECF No. 60.) Although the Government is accurate in characterizing the Defendant's behavior in violating the bankruptcy court order as a continuing offense, it failed to recognize explicit parameters Congress implemented to define the temporal nature of that label. The provision this Court refers to is 18 U.S.C. § 3284 which provides:

> The concealment of assets of a debtor in a case under title 11 [bankruptcy] shall be deemed to be a continuing offense *until the debtor shall have been finally discharged or a discharge denied*, and the period of limitations shall not begin to run until such final discharge or denial of discharge.

18 U.S.C. § 3284 (emphasis added).

It is evident that such a denial of discharge occurred in the underlying bankruptcy proceeding on December 10, 2007 when the United States Bankruptcy Court for the Southern District of Ohio issued the order finding the Defendant in contempt and issuing sanctions. (ECF No. 67-1.) The order by the court provided that the sanction for Defendant's contempt would be the denial of Defendant's discharge. (*Id.* at 5.) The Court finds that as of December 10, 2007, when Defendant's discharge was denied, the "act complained of" (Defendant's failure to turnover property to the bankruptcy trustee) was no longer a continuing offense under 18 U.S.C. § 3284. Accordingly, the Court finds that December 10, 2007 is the date the statute of limitations commenced for purposes of prosecution under 18 U.S.C. §§ 402 and 3285. Consequently, the Court concludes that the statute of limitations for prosecuting the criminal contempt under 18 U.S.C. § 402 tolled on December 10, 2008 — exactly one year from the date of the "act complained of" under 18 U.S.C. § 3285. As a result this Court agrees that the charge

4

in Count Three of the Government's Indictment is untimely.

## III. Conclusion

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 43). The clerk shall remove this count upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

      /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE