# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT JEFFREY JOHNSON

    Defendant.

Case No. 2:10-CR-223
JUDGE GREGORY L. FROST

## ORDER

This matter came on for consideration upon Defendant's Motion to Dismiss Count Four of the Indictment (ECF No. 45), and the Government's Response in Opposition (ECF No. 61). In reviewing this matter the Court also examined the Indictment (ECF No. 3) and the United States Bankruptcy Court Order supporting the Indictment. (ECF No 45-1).

For the reasons that follow, the Court finds Defendant's Motion to Dismiss Count Four of the Indictment without merit and the Court **DENIES** the same.

### I. NATURE OF THE CHARGES IN COUNT FOUR OF INDICTMENT

On August 24, 2010, the grand jury returned an Indictment against Defendant. (ECF No. 3). Count Four of the Indictment alleges that Defendant concealed and covered up records and documents related to a bankruptcy case in violation of 18 U.S.C. § 1519. Specifically Count Four alleges that on or about March 19, 2008, Defendant, Robert Jeffrey Johnson, with intent to impede, obstruct, and influence the administration of a bankruptcy proceeding filed under Title

1

11 (the Bankruptcy Code), did knowingly conceal and cover up records and documents that the Bankruptcy Court ordered Defendant to bring with him to an examination scheduled for March 19, 2008. (ECF 3, p. 9-10) The examination was approved by the Bankruptcy Court in an order dated March 5, 2008. (ECF No. 45-1, p.1). The records and documents requested by the Bankruptcy Court are set forth in "Exhibit to Order Approving Motion for examination of Debtor, ROBERT JEFFREY JOHNSON, Duces Tecum". (ECF No. 45-1, p. 2). Such documents included:

> a. Copies of all bank statements for accounts in which the Debtor had an interest, either as a named holder of the account, or as a person with authority to withdraw funds, from April 1, 2002 until March 5, 2008.
>
> b. Copies of all bank statements, other than those to be provided under 2, for any bank account which the Debtor deposited any funds Pre-Petition (on or prior to April 26, 2006) from April 1, 2002 until March 5, 2008.

*Id.*

Defendant did not present himself for examination on March 19, 2008, nor did he deliver the aforementioned documents to the Bankruptcy Court. As a result Defendant was charged with a violation of 18 U.S.C. §1519.

Defendant filed the instant motion to dismiss Count Four of the Indictment on February 10, 2012 (ECF No. 45). Defendant argues that Count Four fails to state an offense, is void for vagueness, and violates the Fifth Amendment's Self-Incrimination Clause.

On June 8, 2012, the government filed a response to Defendant's motion (ECF NO. 61). The government argues that 18 U.S.C. § 1519 applies to the charged conduct, is not unconstitutionally vague, and does not violate the Fifth Amendment's Self-Incrimination Clause.

## II. APPLICABLE LAW

An indictment is generally sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charge against which he must defend, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *Unites States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010); *See also,* FED. R. CRIM. P. 7. In evaluating a motion to dismiss, factual allegations in the indictment are accepted as true. *United States v. Moyer,* 713 F. Supp. 1035, 1037 (N.D. Ohio 1989).

It is generally sufficient that the indictment sets forth the offense in the words of the statute itself, *Anderson,* 605 F.3d 404, 412 (6th Cir. 2010), however, the indictment does not have to follow the exact wording of the statute. *Rudin v. United States*, 254 F.2d 45, 48 (6th Cir. 1958). Finally, the Court will judge the sufficiency of the indictment on practical, and not technical, considerations. *Hagner v. United States*, 285 U.S. 427, 431 (U.S. 1932).

## III. ANALYSIS

### A. Language of the Statute

Count Four of the Indictment charges Defendant with a violation of 18 U.S.C. § 1519, which provides:

> Whoever *knowingly* alters, destroys, mutilates, *conceals, covers up*, falsifies, or makes a false entry in any record, document, or tangible object *with the intent to impede, obstruct, or influence* the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519 (emphasis added).

### B. The Offense Stated

An indictment that recites statutory language in describing the offense is generally sufficient so long as those words fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. *United States v. Hudson*, 491 F.3d 590, 593 (6th Cir. 2007); *United States v. Groff*, 643 F.2d 396, 401 (6th Cir. 1981).

Count Four of the Indictment clearly tracks the language of 18 U.S.C. § 1519. The Indictment contains the elements of the offense that Defendant is alleged to have violated. The Indictment provides that Defendant:

(1) knowingly

(2) concealed and covered up

(3) records and documents

(4) with intent to impede, obstruct, and influence

(5) the investigation and proper administration of a bankruptcy case filed under Title 11.

(ECF 3, p. 9-10)

Further the Indictment identifies the records and documents Defendant is alleged to have concealed and covered up. These records and documents include:

a. Copies of all bank statements for accounts in which the Debtor had an interest, either as a named holder of the account, or as a person with authority to withdraw funds, from April 1, 2002 until March 5, 2008.

b. Copies of all bank statements, other than those to be provided under 2, for any bank account which the Debtor deposited any funds Pre-Petition (on or prior to April 26, 2006) from April 1, 2002 until March 5, 2008.

*Id.*

The Indictment also describes the manner in which Defendant is alleged to have concealed and covered up the records and documents requested by the Bankruptcy Court.

Defendant contends that 18 U.S.C. § 1519 does not criminalize his failure to appear for a bankruptcy hearing or his failure to produce records. Citing *United States v. Hunt*, 526 F.3d 739, 743-44 (11th Cir. 2008), Defendant argues that ignoring the order of the Bankruptcy Court is not a violation of 18 U.S.C. § 1519, since an affirmative act of tampering, destroying or fabricating records is a requisite for the alleged violation.

In response the government, citing *United States v. Wagner,* F. 3d 598, 609 (6th Cir. 2004), points to the Court of Appeals' broad definition of the term concealment which includes the "withholding of knowledge" and the "prevention of disclosure or recognition". *(Id.* at 609*)* The government argues this definition of concealment encapsulates Defendant's actions in the present case.

While Defendant's "inaction" may be a theory of defense at trial, it does not invalidate the Indictment. The language of Count Four fully, directly, and expressly, and without uncertainty or ambiguity, sets forth all the elements necessary to constitute the offense intended to be punished. The indictment need only set forth elements that, *if proven*, constitute a violation of the relevant statute. *Anderson*, 605 F.3d 404, 412 (6th Cir. 2010). Count Four sufficiently sets forth the elements for a claim for concealment of records and documents in a bankruptcy case.

**C. Vagueness**

A criminal statute is unconstitutionally vague if it defines an offense in such a way that ordinary people cannot understand what is prohibited or if it encourages arbitrary or discriminatory enforcement. *United States v. Avant*, 907 F.2d 623, 625 (6th Cir. 1990); *United States v. Marler,* 402 F. Supp. 2d 852, 855 (N.D. Ohio 2005).

Defendant contends that a person of average acumen would not be sufficiently advised

that failure to produce documents, or inaction, in a bankruptcy case would violate 18 U.S.C. § 1519. Defendant states he is unaware of any case holding that merely ignoring a court order from the Bankruptcy Court can support a criminal prosecution pursuant to 18 U.S.C. § 1519

In response the government cites several cases in which courts have rejected arguments that 18 U.S.C. § 1519 is vague, including *United States v. Kernell,* 667 F.3d 746 (6th Cir. 2012). In *Kernell,* the Court of Appeals, rejecting the defendant's argument that the statute was unconstitutionally vague, found that 18 U.S.C. § 1519 clearly sets out the elements that the government must prove for a conviction under the statute. *Id.* at 750.

Further, the Court in *United States v. Stevens*, 771 F.Supp. 2d 556, 562 (D. Md. 2011), held that "concealment" of documents in violation of 18 U.S.C. §1519 is not unconstitutionally vague when the statute is construed as requiring proof of a specific intent to impede, obstruct, or influence a federal matter, and is not enforced in an arbitrary or discriminatory manner. The government charged Defendant with just such intent in Count Four of the Indictment. Moreover the government also alleges the proper scienter, (i.e. "knowingly"), in the Indictment, which further mitigates the alleged vagueness, especially in regards to Defendant's lack of notice that his conduct was proscribed by 18 U.S.C. § 1519. As the government's allegations of Defendant's scienter and intent must be considered true for purposes of evaluating Defendant's Motion to Dismiss, *Moyer,* 713 F. Supp. 1035, 1037 (N.D. Ohio 1989), the alleged violation of 18 U.S.C. § 1519 is not unconstitutionally vague.

Furthermore, the default rule concerning criminal offenses is that knowledge of the law is irrelevant. *See Staples v. United States*, 511 U.S. 600, 605 (1994). The Supreme Court has held that,"[t]he general rule that ignorance of the law or a mistake of law is no defense to criminal

prosecution is deeply rooted in the American legal system."*Cheek v. United States*, 498 U.S. 192, 199 (1991). In the present case the government needn't prove Defendant was aware his actions were a violation of 18 U.S.C. § 1519, only that Defendant acted "knowingly" in covering up or concealing the requested documents and records with the intent to impede, obstruct, or influence the proper administration of the bankruptcy case. As this is adequately alleged in the Indictment, Defendant's ignorance of the reach of 18 U.S.C. § 1519 is irrelevant.

Again, while Defendant's theory of "inaction" may be a stratagem for defense at trial, this Court is not persuaded that Count Four of the Indictment's alleged violation of 18 U.S.C. § 1519 is unconstitutionally vague or being used in an arbitrary or discriminatory manner.

### D. Fifth Amendment Self-Incrimination Clause

In the final argument for dismissal of Count Four, Defendant, citing *Butcher v. Bailey*, 753 F.2d 465, 468 (6th Cir. 1985), contends that the Bankruptcy Code does not require a debtor to turn over personal records to the trustee if the debtor has a valid claim of Fifth Amendment privilege. Further, Defendant points to *United States v. Hubbell,* 530 U.S. 27 (2000), in which the Supreme Court held that the Fifth Amendment privilege protects a witness from being compelled to disclose, pursuant to subpoena, the existence of incriminating documents without first receiving a grant of immunity under 18 U.S.C. §§ 6002-03.

In response the government, citing *United States v. Bates*, 552 F.3d 472, 475 (6th Cir. 2009), argues that the longstanding rule of this circuit is that a defendant must take the stand and answer individualized questions in order to invoke his Fifth Amendment privilege.

This Court finds instructive the Sixth Circuit Court of Appeals decision regarding the Fifth Amendment privilege in *United States v. Pugh*, No. 96-3954, 1998 U.S. App. LEXIS 6657 (6th

7

Cir. Mar. 31, 1998). In *Pugh* the Court of Appeals held:

> To invoke the privilege, however, the prospective witness must show at the very least that he is faced with some authentic danger of incrimination. Further, the privilege cannot be invoked on a blanket basis - - it operates question by question.

*Id.* at * 10.

Defendant had the obligation to assert this right against self-incrimination with the Bankruptcy Court following the order to produce the abovementioned records and documents. The Bankruptcy Court would have been able to evaluate whether Defendant "was faced with some authentic danger" in producing the requested documents for the Court. Rather Defendant ignored the Bankruptcy Court order and only asserted his Fifth Amendment right after an Indictment alleging a violation of 18 U.S.C. §1519 was returned against him.

Defendant cannot now invoke this right as a means to invalidate Count Four of the Indictment. The Fifth Amendment does not bar the government from charging Defendant with a violation of 18 U.S.C. 1519 in the present case.

## IV. CONCLUSION

The Court finds that (1) Count Four of the Indictment adequately sets forth the offense intended to be punished in the words of 18 U.S.C. § 1519 itself; and (2) the words of the statute fully, directly, and without ambiguity, set forth all the elements necessary to constitute the alleged offense with which Defendant is charged. This Court also finds that Count Four of the Indictment is neither unconstitutionally vague nor a violation of Defendant's Fifth Amendment right against self-incrimination.

Based on the foregoing, the Court finds Defendant's Motion to Dismiss Count Four of the Indictment without merit and **DENIES** the same.

The Motion to Dismiss Count Four of the Indictment is **DENIED.**

**IT IS SO ORDERED.**

    **/s/   Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**